UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK LEHMAN and<br>SANDRA PIECHOCKI | )<br>)<br>) | |
| PLAINTIFFS | )<br>) | |
| v. | )<br>) | Civil Action No.: |
| DAVID LOXTERKAMP, M.D, and<br>UNITED STATES | )<br>)<br>)<br>) | AMENDED COMPLAINT AND<br>JURY DEMAND |
| DEFENDANTS | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiffs, Frank Lehman and Sandra Piechocki, by and through their undersigned attorney, hereby files suit against the above-captioned Defendants, and in support thereof, states as follows:

### SUMMARY OF CASE

This is an administrative tort claim action brought pursuant to the Federal Torts Claim Act and, to the extent appropriate, ancillary state negligence, common law and the State of Maine Health Security Act, by residents of Belfast, Waldo County, Maine for personal injuries suffered by Frank Lehman and Sandra Piechocki as a result of medical malpractice committed upon Mr. Lehman by an employee of a federally-supported health facility.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action against the Defendants pursuant to 28 U.S.C. Sections 1346(b), 2401(b) and 2674-80. This Court has jurisdiction over the pendant state law tort claims pursuant to 28 U.S.C. § 1367(a).

1

2. Venue is properly vested in this Court because Plaintiffs and the federally-supported Defendants are residents of this District and the acts complained of occurred within the jurisdiction of this District (specifically, Waldo County, Maine).

## PARTIES

3. At all times pertinent hereto, Frank Lehman (hereinafter "Mr. Lehman") was an individual residing in Belfast, Waldo County, Maine.

4. At all times pertinent hereto, Sandra Piechocki (hereinafter "Ms. Piechocki") was an individual residing in Belfast, Waldo County, Maine.

5. At all times pertinent hereto, Frank Lehman and Sandra Piechocki reside together, legally, as husband and wife.

6. At all times relevant hereto, David Loxterkamp, M.D. (hereinafter "Dr. Loxterkamp") was, and/or is, a Maine licensed physician, and employee of Penobscot Community Health Center (hereinafter "PCHC") d/b/a Seaport Community Health Center (hereinafter "SCHC"), a Maine corporation with its principal place of business in Belfast, Waldo County, Maine.

7. Upon information and belief, Defendant PCHC d/b/a SCHC, was at all times relevant between January 1, 2013 and July 14, 2013, a Maine professional non-profit corporation, in good standing, with its principal place of business in Belfast, County of Waldo and Sate of Maine.

8. Upon information and belief, Defendant SCHC became an approved delivery site of PCHC for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, on July 15, 2103.

9.      Upon information and belief, Defendant Dr. Loxterkamp was at all times relevant, a licensed Maine physician, and as of July 15, 2013, an employee of the Department of Health and Human Services (hereinafter "DHHS") pursuant to 42 U.S.C. § 233 (g)(h).

## FACTS

10.     On or about January 9, 2013, Mr. Lehman seeks treatment from Dr. Loxterkamp for complaints of a lump in his left breast, near his nipple.

11.     Dr. Loxterkamp's exam reveals a 4-5 mm firm mobile lesion at the 2 o'clock position on the edge of the areola.

12.     Dr. Loxterkamp refers Mr. Lehman to Jeffrey Sedlack, M.D., a general surgeon for evaluation.

13.     On January 14, 2013, Mr. Lehman has a bilateral digital mammogram performed with focused left breast ultrasound. The conclusion of the tests suggests a nodular left unilateral gynecomastia, and it is recommended for Mr. Lehman to have close clinical surveillance of the left breast lump, resulting in a decision to perform biopsy based upon clinical concern.

14.     On January 14, 2013 Mr. Lehman is examined by Dr. Sedlack for his left breast mass. Dr. Sedlack advises Mr. Lehman to leave the lump alone and follow-up in two months.

15.     On January 16, 2013, Mr. Lehman returns to Dr. Loxterkamp's office for his annual exam and notes lump or mass in breast.

16.     Despite the need for close clinical follow up, neither Dr. Sedlack nor Dr. Loxterkamp arrange for this appointment.

17.     On July 23, 2014, Mr. Lehman sees Dr. Loxterkamp regarding the lump in his left breast, noting it is slightly tender and that he has seen a surgeon who doubts that the lump is benign in 2013.

18. Dr. Loxterkamp inexplicably attempts to remove the 6 x 12 mm lesion in his office. Dr. Loxterkamp, after an extensive attempt at dissection with bleeding and local tissue injury, is only able to remove part of the lesion and this specimen is sent to pathology.

19. On July 25, 2014 Mr. Lehman presents to Dr. Loxterkamp for a dressing change and the results of his pathology which revealed an invasive intra-ductal cell adenocarcinoma of intermediate grade, hormone receptor +, and HER 2/neu assay negative. Dr. Loxterkamp consults with an oncologist but encourages Mr. Lehman to go on his planned vacation prior to the consult.

20. On July 28, 2014, Mr. Lehman returns to Dr. Loxterkamp's office for concern of bruising noted around the incisional area where Dr. Loxterkamp had attempted to remove the lesion.

21. On August 7, 2014, Mr. Lehman seeks treatment and opinions from Susan O'Connor, an oncologist, who examines Mr. Lehman and finds the breast incision is slightly open; there is significant ecchymosis and swelling and it is difficult to tell if there was any residual tumor left due to the increased echogenicity from the bruising and fluid related to the attempted removal. Dr. O'Connor wants a second opinion and an appointment is made for Mr. Lehman at Dana Farber Cancer Institute.

22. On August 13, 2014, Mr. Lehman sees Dr. Dominici who confirms Dr. O'Connor's diagnosis of breast cancer and proceeds to schedule surgery for dissection to stage and treat the breast carcinoma. In addition, on this same date, Mr. Lehman is evaluated by a medical oncologist, Dr. Morganstern, from Dana Farber Breast Oncology Center.

23. On August 8, 2014, Mr. Lehman undergoes a left modified mastectomy, left sentinel lymph node biopsy and then an axillary dissection. During the mastectomy a sentinel node is sent to pathology and is determined to be malignant and a complete dissection is necessary.

24.     On September 3, 2014 lab results reveal 8 out of 25 nodes are involved with metastatic adenocarcinoma.

25.     As a result of the advanced stage of the breast cancer, Mr. Lehman is subsequently treated with chemotherapy and radiation followed by hormonal therapy with Tamoxifen and will continue to treat with Tamoxifen for the next five (5), to possibly ten (10) years.

26.     As a direct and proximate result of the negligence/breach of applicable standards of care of Dr. Loxterkamp and SHCH d/b/a PCHC, Plaintiff Frank Lehman has sustained personal injuries, including but not limited to:

   a.   failing to follow the recommendations of the radiologist at Waldo County General Hospital, who on January 14, 2013 recommended short interval follow-up clinical surveillance of the left breast;

   b.   failing to perform a biopsy of Mr. Lehman's left breast mass in 2013;

   c.   failing to timely diagnose, treat and/or refer Plaintiff, Mr. Lehman, for a work-up and treatment for breast cancer;

   d.   attempting to perform a surgical procedure in an office setting by trying to surgically remove the lump in Mr. Lehman's left breast without first recommending he see a surgeon, failing to repeat the imaging, and most critically failing to recognize the possibility of malignancy; and

   e.   to the extent that any individual Respondents named herein are liable for professional negligence, the entity Respondents, as their employers, agents and/or principals, are liable for their professional negligence under the doctrine of *respondeat superior.*

27. As a direct and proximate result of the negligence/breach of applicable standards of care of Dr. Loxterkamp and SCHC d/b/a PCHC, Plaintiff, Ms. Piechocki have suffered damages including but not limited to loss of chance for cure, unnecessary treatments including radiation and chemotherapy, emotional and physical pain and conscious suffering, and a high likelihood of death from recurrent breast cancer.

28. On or about August 5, 2015, Plaintiffs file a Notice of Claim against Dr. Loxterkamp, M.D./SCHC pursuant to 24 M.R.S.A. Section 2853 and 14 M.R.S.A. Section 1602.

29. On or about January 28, 2016, DHHS issues a letter advising Plaintiffs that Defendants Dr. Loxterkamp and SCHC are employees of a federally-supported health facility and that, pursuant to the Federally-Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C Section 233g)-(n), the Federal Torts Claim Act, 28 U.S.C. Section 134(b), 2671-2680 is and was the exclusive remedy for the injuries sustained by Plaintiffs.

30. On August 30, 2016, DHHS issues a further letter advising Plaintiffs that, after review, the claim of Plaintiffs for medical malpractice as described above, is denied. In that letter, DHHS advises Plaintiffs that the appropriate remedy for such denial, if and to the extent that Plaintiffs disagree with said denial, is the filing of suit in the appropriate United States Federal District Court.

31. This action follows upon the aforesaid actions of DHHS.

## CAUSES OF ACTION

### COUNT I

### FEDERAL TORT CLAIM ACT

32. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1-31, set forth above, with the full force and effect as if set forth fully herein.

33.     By reason of the foregoing, Plaintiffs are entitled to recover against the United States pursuant to the Federal Torts Claim Act.

## COUNT II

## STATE LAW NEGLIGENCE/MAINE HEALTH CARE ACT

34.     Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1-33, set forth above, with the full force and effect as if set forth fully herein.

35.     By reason of the foregoing, if and to the extent that the Federal Torts Claim Act is deemed not to be the exclusive remedy for the injuries sustained by Plaintiffs, Plaintiffs are entitled to recover against Defendants Dr. Loxterkamp and SCHC/PCHC in common law negligence and/or pursuant to Maine's Health Security Act, 24 M.R.S.A. Section 2853 and 14 M.R.S.A. Section 1602.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages in the amount of five million dollars ($5,000,000.00) and for their attorneys' fees, and costs, together with all such other, further, and additional relief as this Court deems appropriate, and for a trial by jury on all issues so triable as a matter of right.


|     December 6, 2016     |          /s/ Owen Pickus, DO., Esq.     |
| --- | --- |
| Date | Owen Pickus, DO., Esq. |
|  | Bar No. 4248 |

*Owen Pickus, DO, Esq. & Associates*
2 Storer Street, Ste. 200-A
Kennebunk, ME  04043
(207) 467-9146
Attorneys for Plaintiff