# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FRANK LEHMAN and SANDRA PIECHOCKI )<br>)<br>) Plaintiffs, )<br>) <br>v. )<br>)<br>DAVID LOXTERKAMP, *et al.*, )<br>)<br>Defendants. ) | Docket No. 1:16-cv-00548-NT |

## AMENDED LOCAL RULE 56(H) PRE-FILING CONFERENCE REPORT AND ORDER

A conference was held on Wednesday, May 20, 2020, at 11:00 a.m.

Presiding:   Nancy Torresen, United States District Judge

For Plaintiffs:   Owen B. Pickus, Esq., Amber Tucker, Esq.

For Defendant David Loxterkamp:   Robert P. Hayes, Esq.

For Defendant United States:   James D. Concannon, AUSA.

For Defendants Jeffrey Sedlack, Waldo County General Hospital, Waldo County Medical Partners Surgical Services, and Waldo County Healthcare: Devin W. Deane, Esq.

In accordance with the procedural order issued on April 28, 2020 (ECF No. 88), I held a Local Rule 56(h) conference with counsel during which the following items were discussed:

1. **Bases for Proposed Motions for Summary Judgment**: All Defendants indicate that they intend to file motions for summary judgment. Dr. David Loxterkamp states that he will argue that the Plaintiffs will be unable to show that he breached the applicable standard of care, that Mr. Lehman will be unable to establish that Dr. Loxterkamp's actions proximately caused Mr. Lehman's injuries, and that Dr.

Loxterkamp is not subject to suit for conduct occurring after July 15, 2013, when he was an employee of the U.S. Public Health Service.

The United States intends to move for summary judgment on Mr. Lehman's claims that Dr. Loxterkamp negligently failed to timely diagnose Mr. Lehman's breast cancer. Specifically, the United States argues that Mr. Lehman will be unable to prove that his injuries were proximately caused by Dr. Loxterkamp's actions.

Dr. Jeffrey Sedlack, Waldo County General Hospital, Waldo County Medical Partners Surgical Services, and Waldo County Healthcare ("Waldo Defendants") intend to move for summary judgment on all claims against them on the grounds that Mr. Lehman will be unable to establish that his alleged injuries were proximately caused by the Waldo Defendants.

2. **Estimated Memorandum Length**: Defendants Dr. Loxterkamp and the United States shall file a joint summary judgment motion that shall not exceed 25 pages. The Waldo Defendants' summary judgment motion shall not exceed 20 pages.

3. **Factual Statement**: The parties have agreed to file a joint statement of material facts.

4. **Filing the Joint Stipulated Record:** The parties shall confer to determine the summary judgment record. The record shall consist of the universe of documents that any party may cite to in their motions or statements of fact. The record shall be filed on ECF in advance of the filing of any motion, response or statement of fact and the parties shall make the appropriate citations to the record (see paragraph 5 outlining citations to the record). The ECF event "Local Rule 56(h) Record" can be found in the "other documents" category of the "civil events" listing on ECF.

    If during the motion practice any party determines that they need to supplement the record, they may file a supplemental record, but shall not duplicate any record material already on the docket. Any supplemental record shall be filed on ECF in advance of the filing of any pleading so that the appropriate citations to the record can be made.

5. **Citations to the Record:** Filing the record in ECF in advance of the filing of any pleadings will generate ECF document numbers and page ID numbers.  When citing documents from the record in statement of material facts, counsel should provide citations to the record with the appropriate ECF document and page ID numbers.

    Example: (Smith Affidavit, ¶1; Doc. 52-28, #566)

6. **Cooperation of Counsel on Factual Statement**: By the conclusion of the briefing, it is the Court's preference to have one document that contains the full text of all the facts, admissions, denials, qualifications, and requests to strike produced by all parties. The Court expects the parties to work collaboratively in this endeavor.

    1. All admissions, denials, qualifications, and requests to strike shall appear under the text of the proposed fact to which they refer.

    2. A request to strike shall be preceded by an admission, denial, or qualification, in case the request to strike is denied.

    3. All responses to requests to strike shall appear under the text of the request to strike to which they refer.

    4. The parties' various statements of material facts should utilize a single, continuous sequence of paragraph numbers.

    5. In accordance with Local Rule 56(d), the Defendants' reply statement of material fact should address only the Plaintiffs' additional facts and requests to strike.

The following sequence should take place when compiling the factual statements:

- First, the Defendants shall file a "Defendants' Supporting Statement of Material Facts," pursuant to Local Rule 56(b). This includes a numbered list of facts the Defendants contend are supported by the record and undisputed.

    - The PDF version should be filed on ECF using the "Statement of Fact" event, which can be found in the "other documents" category of the "civil events" listing on ECF.

    - The Defendants shall email the Plaintiffs a Word version of their PDF document.

- Second, the Plaintiffs shall file a "Plaintiffs' Opposing Statement of Material Facts," pursuant to Local Rules 56(c) and Local Rule 56(e). This document shall reproduce the text of the facts proposed by the Defendants. The Plaintiffs shall add appropriate admissions, denials, and qualifications, and, if necessary, requests to strike under each fact. Second, the Plaintiffs may add a list of additional facts that the Plaintiffs contend are supported by the

record, keeping with the same paragraph sequence numbering (i.e. if the Defendants' Statement of Material Fact ended at paragraph number 50, the Plaintiffs shall start with paragraph number 51 for their Statement of Additional Facts).

- The PDF versions should be filed on ECF using the "Response to Statement of Fact with Additional Facts" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.

- The Plaintiffs shall email the Defendants a Word version of the relevant PDF document.

- Third, the Defendants shall file a "Defendants' Reply Statement of Material Facts," pursuant to Local Rules 56(d) and 56(e). This document shall reproduce the text of the facts proposed by the Defendants and the Plaintiffs' corresponding admissions, denials, qualifications, and requests to strike, as well as the text of the Plaintiffs' additional facts. The Defendants must add appropriate admissions, denials, qualifications, and, if necessary, requests to strike under each of the Plaintiffs' additional facts. In addition, the Defendants may respond to any of the Plaintiffs' requests to strike.

    - The PDF version should be filed on ECF using the "Reply to Additional Statement of Fact" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.

    - The Defendants shall email the Plaintiffs Word versions of these PDF documents.

- Fourth, the Plaintiffs may file a "Plaintiffs' Response to Defendants' Requests to Strike," pursuant to Local Rule 56(e). This document shall reproduce the text of the Defendants' facts, the Plaintiffs' additional facts, all admissions, denials, and qualifications, all requests to strike, and the Defendants' responses to Plaintiffs' requests to strike. The Plaintiffs may add only appropriate responses under each of the Defendants' requests to strike. These documents should be a complete account of the parties' factual statements.

    - The PDF versions should be filed on ECF using the "Response to Request to Strike Per LR 56(e)" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.

4

> - This fourth step only takes places in the event the Defendants have made requests to strike the Plaintiffs' Additional Facts. If no requests to strike the Plaintiffs' Additional Facts is made, the briefing is complete at the third step.

Following the discussion, I issued an order setting the briefing schedule for the motions for summary judgment. (ECF No. 93.) After a settlement conference was scheduled for July 28, 2020, the parties filed a consent motion to amend those deadlines. (ECF No. 97.) Accordingly, I **GRANT** the motion to amend, though with deadlines that differ from the parties' request and with an additional deadline for filing the joint stipulated record as follows:

1. The joint stipulated record shall be filed by August 7, 2020.

2. The Defendants' motions for summary judgment shall be filed by August 21, 2020.

3. The Plaintiffs shall file their opposition to the Defendants' motions by September 21, 2020.

4. The Defendants shall file their replies by October 5, 2020.

5. If necessary, the Plaintiffs may file a response to any requests to strike from the Defendants by October 12, 2020.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 5th day of June, 2020.